UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN THE MATTER OF THE COMPLAINT )
OF J. F. BRENNAN COMPANY, INC., ) Case No.: 2:21-cv-00242
FOR EXONERATION FROM, )
OR LIMITATION OF, LIABILITY. ) In Admiralty

## COMPLAINT

Plaintiff, J. F. Brennan Company, Inc. (hereafter "Plaintiff" or "Brennan"), states the following for its Complaint seeking exoneration from liability or, in the alternative, limitation of liability:

1. This action arises under the laws of the United States providing for limitation of a vessel owner's liability, 46 U.S.C. § 30501 - § 30512, and the various statutes, rules and regulations relating thereto. It is a cause of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. §1333.

2. At all material times, Brennan was a corporation duly organized and existing under law and was the owner and/or operator of a certain 2014 30' Scully Workboat ("Scully Workboat") that was utilized for commercial purposes on the navigable waters of the United States.

3. At present, the Scully Workboat is located within this Judicial District.

4. On November 3, 2021 at approximately 7:30 p.m., the Scully Workboat allided with an unlit pier of the Mackinac Bridge. Brennan employee Steven Pfiester was operating the Scully Workboat at the time of the incident, and eight other individuals were aboard it. At the

time of the incident, the Scully Workboat was traveling from St. Helena Island to St. Ignace, in Mackinac County, Michigan.

5. Brennan files this Complaint for exoneration from, or limitation of, liability in connection with this incident.

6. At this time, Brennan is not aware of any lawsuit or claim being filed against it as a result of the November 3, 2021 incident.

7. Any injuries or damages due to this incident, if any, were neither caused nor contributed to be caused by any fault, error, omission, negligence, unseaworthiness, or other fault of Brennan or the Scully Workboat, nor any person or entity for which Brennan or the Scully Workboat is responsible.

8. The aforementioned incident, injury, and/or damage occurred either as a result of factors for which no one was responsible, or were caused by, or contributed to be caused, by the negligence and/or other fault of third parties or other entities, including but not limited to the negligence and other fault of the owners and/or operators of the Mackinac Bridge, for which Brennan should not be held liable.

9. The aforementioned incident, injury, and/or damage were occasioned and occurred without the privity or knowledge of Brennan or its managing officers or agents.

10. The Scully Workboat has not been attached or arrested in any suit brought in connection with a claim arising out of the aforementioned incident.

11. Brennan believes that on November 3, 2021 the value of the Scully Workboat did not exceed the sum of Eighty-Three Thousand Dollars ($83,000.00). There was no freight pending at the time of the incident.

12. The claims against Brennan arising out of the aforementioned incident could exceed the value of the Scully Workboat immediately after the incident.

13. Brennan claims and seeks exoneration from liability for any loss, injury, or damage occasioned or incurred by reason of the aforementioned incident, and further alleges that it has valid defenses to those claims on the facts and on the law.

14. Alternatively, and without admitting any liability, Brennan claims the benefit of limitation of a vessel owner's liability provided under Title 46, United States Code, § 30505, and of the various statutes, rules and regulations supplemental thereto, and amendatory thereof. To that end, Brennan is ready and willing to proceed according to law and pursuant to the rules and practices of this honorable Court.

15. This Complaint is filed within six (6) months of the receipt by Brennan of a written claim for damages arising out of the November 3, 2021 incident.

16. Brennan alleges that this Complaint for exoneration from, or limitation of, liability asserted herein is also filed on behalf of its insurers, underwriters, and any agents that would be entitled to exoneration from or limitation of liability to the same extent as the owner.

17. No unsatisfied liens or claims of lien, or other demands, whether in contract or in tort or otherwise, other than those alleged above, arose from the aforesaid incident.

WHEREFORE, Plaintiff Brennan prays that:

a) In due course upon the motion of a party, then this Court will cause due appraisement to be made of the value of the interest of Brennan in the Scully Workboat immediately after the incident.

b) This Court, upon written motion, will enter an order directing Brennan to file a stipulation, with a surety approved by the Court, for payment to the Court of the amount of the interest of Brennan in the Scully Workboat whenever the Court shall so order;

c) This Court, upon written motion, will enter an Order directing that on the giving of such a stipulation as may be determined to be proper, or of a letter of undertaking or ad interim stipulation as will be offered by Brennan, then the institution or further prosecution of any and all actions, suits, and legal proceedings of any nature or description with respect to the matters alleged in this Complaint, in any jurisdiction, except in the present proceeding, against Brennan or its agents or representatives, or any other person for whom Brennan is or may be responsible, or against any of the property of Brennan, including the Scully Workboat, to recover damages caused by or resulting from said incident, injuries, or damages, or in respect of any claim or claims arising out of or resulting from said incident, injuries, or damages, shall be enjoined until the hearing and determination of this proceeding;

d) This Court, upon written motion, will enter an Order directing the issuance of a notice to all persons claiming damages for any and all loss, injuries, damages, or expenses caused by or resulting from the aforesaid incident, citing each of them to appear and make due proof of their respective claims, and all to appear and answer the allegations of this Complaint on or before a date set forth in said Notice;

e) This Court in this proceeding will adjudge that:

(i) Brennan and the Scully Workboat are not liable to any extent for any loss, injury, or damages, nor for any claims whatsoever in any way arising out of or in any consequence of the incident alleged in this Complaint, and, therefore, Brennan and the Scully Workboat are entitled to a decree of exoneration in this matter;

(ii) If Brennan shall be adjudged liable to any extent in the premises, then the liability of Brennan shall be limited to the value of its interest in the Scully Workboat immediately after the November 3, 2021 incident, and that a decree be entered discharging Brennan and the Scully Workboat from all further liability and further enjoining the filing and prosecution of any claim against Brennan or the Scully Workboat alleged in this Complaint; and

f. Brennan may have such other and further relief as may be just and proper.

Respectfully submitted,

GOLDSTEIN and PRICE, L.C.
and Tyrus W. Morgan

By: __/s/ Tyrus W. Morgan__
One Memorial Dr., Suite 1000
St. Louis, Missouri 63102
Telephone: (314) 516-1700
tyrus@gp-law.com

Counsel for Plaintiff